L. M. KELLEY, Appellant, v. CITY OF CEDAR FALLS.

Ordinances: CONSTRUCTION: USE OF THE WORD "MAY." In con-
struing an ordinance in relation to the grades of streets and
alleys the word "may" will not be interpreted to mean
"must" or "shall" in the interest of a private right, where it
appears the city intended the word should be used in a per-
missive sense.

*Appeal from Black Hawk District Court.*—HON. F. C.
PLATT, Judge.

TUESDAY, MAY 3, 1904.

SUIT to recover damages for grading an alley. A de-
murrer to the petition was sustained, and the plaintiff elect-
ing to stand upon his pleading judgment was entered dis-
missing the suit. The plaintiff appeals.—*Affirmed.*

*Hemenway & Martin* for appellant.

*Wm. H. Merner* for appellee.

SHERWIN, J.—The plaintiff was the owner of premises
abutting an alley, and before the passage of the ordinance
under which the grade of the alley was established he had
built a barn on his premises fronting on the same. The sec-
tion of the city ordinance under which the alley in question
was graded is in the following language: "That the grade
of the alleys not otherwise fixed, at the points of intersection
with the streets whose grades are established by this ordin-
ance, shall be the same as that of said streets, and continu-
ous from one street to the next, but between any two adja-
cent streets along the line of the alley, vertical curves of
grade may be used when necessary to facilitate drainage or
afford better access to property along the line of said alley,
when the improvement was made prior to the establishment
of the grade therein. But in no case shall said alley grade

pass above the sidewalk grade of the street where it inter-
sects said alley." And the controlling question for our de-
termination is whether its provision that "vertical curves of
grade may be used when necessary to facilitate drainage or
afford better access to property along the line of said alley"
was mandatory and required that the grade of alleys con-
form to the natural surface of the ground for the conven-
ience of owners of abutting property, or was permissive and
discretionary only. The appellant contends that the provis-
ion was mandatory, and that the word "may", as used
therein should be construed "must" or "shall". The
statute provides that words and phrases shall be con-
strued according to the context and the approved usage of the
language. In other words, the intent of the user of the word
or pharse is to be sought and determined from the context
and the purpose and object in view, giving to the word or
phrase its approved meaning when used in such connection.
The primary or ordinary meaning of the word "may" is un-
doubtedly permissive and discretionary. Century Diction-
ary. And in a statute or ordinance it can be construed in a
mandatory sense only "when such construction is neces-
sary to give effect to the clear policy and  intention of the
Legislature; and where there is nothing in the connection of
the language or in the sense or policy of the provision to re-
quire an unusual interpretation, its use is merely permissive
and discretionary." 20 Am. & Eng. Enc. of Law (2d Ed.)
237; *Downing v. City of Oskaloosa,* 86 Iowa, 352; Bouv-
ier's Law Dict. 218.

The ordinance under consideration . provided that the
grade of the alleys at the points of intersection  with the
streets should be the same as the grade of the streets, and
that such grade should be continuous from one street to the
next. This was the general policy adopted for grading the
alleys, and the grade thus fixed was mandatory. The only
exception to this rule was the provision that a vertical curve
grade. "may be used" under certain circumstances and con-
ditions. As declared in the ordinance, the use of the verti-

cal curve grade was to accomplish either of two objects or both, but the only object in which the public could have an interest was the proper drainage of the alley.  The better access to property provided for therein was purely a private convenience.  The plaintiff's barn was built before any grade had been established, and hence he had no vested right in or to any particular grade, and the city had the undoubted right to act in the matter as it saw fit, and it evidently did not intend by the ordinance in question to establish the grade of all alleys within its limits for the convenience of abutting property owners, regardless of public rights, and such would be the effect under the construction contended for by the appellant.  In interpreting statutes and ordinances the word "may" should not be construed to mean "must" or "shall" for the purpose of creating or determining the character of private rights.  Bouvier's Law Dictionary, 218; 20 Am. & Eng. Enc. of Law, 239, and note.  We think it clearly appears that the city intended to distinguish between the words "may" and "shall" as used in the ordinance, and in such cases "may" will not be construed as imperative.  20 Enc. of Law, 238.

We reach the conclusion that the judgment is right, and it is therefore AFFIRMED.