7121.

### EX PARTE HOLLIS.

Mandamus—State Board of Medical Examiners.—Under 24 Stat., 512, it is discretional with the State Board of Medical Examiners to indorse licenses issued by other States having an equal standard and according to the licenses of the board of this State the same courtesy and thus to entitle the holder to registry without examination, and mandamus will not lie to compel such board to indorse such certificate.

State ex rel. Mauldin v. Matthews, 81 S. C., 414, distinguished from this.

Petition in the original jurisdiction of this State by Oliver C. Hollis for writ of mandamus against State Board of Medical Examiners.

Messrs. Blease & Dominick, for petitioner.

April 9, 1909. The opinion of the Court was delivered by

Mr. Justice Woods. The petitioner asks that the Court by its writ of mandamus require the State Board of Medical Examiners to issue to him a license to practice medicine. The application rests on the allegations that the petitioner had stood the examinations required by the Boards of Medical Examiners of the States of Georgia and Virginia, and had received from each of those boards a license to practice as a physician; that he presented these licenses to the Board of Medical Examiners of this State, tendering at the same time the statutory fee of five dollars, and demanded a license to pratice medicine in this State, but the license was refused; that at the time of the demand the Board of Medical Examiners of this State recognized licenses granted by the Boards of Examiners of the States of Georgia and Virginia under a reciprocal arrangement existing by virtue of the following section of an act entitled "An Act to Regulate the Practice of Medicine in South Carolina, to Provide for a State

Board of Medical Examiners and to Define their Duties and Powers," approved 27th February, 1904, 24 Stat., 512. "Section 9. The board shall be empowered without examination to indorse, upon receipt of the license fee of five dollars, the licenses issued by other State Boards having an equal standard: *Provided,* Said other State Boards accord to the licenses of the South Carolina State Board the same courtesy; and said other State Board licenses, when indorsed, shall entitle the holder to registry in this State, and to all the rights and privileges thereby granted."

The statute does not require the Board of Medical Examiners of this State to indorse or recognize licenses from other States, but merely empowers them to do so on the conditions mentioned in the statute. The matter was one placed by the statute entirely within the discretion of the board. The case of *State, ex relatione Mauldin* v. *Matthews,* 81 S. C., 414, is relied on by the petitioner, but that case in its facts is the opposite of this. There the mandamus was issued against the Board of Pharmaceutical Examiners, because the petitioner was a graduate of a reputable college of pharmacy, and the statute there under consideration provides: "No examination shall be required in case the applicant is a regular graduate in pharmacy from any reputable college; but such applicant shall be entitled to a license upon furnishing evidence of his graduation satisfactory to the said board, and upon payment of the fee of five dollars." In that case the discretion to refuse a license to the graduate of a reputable college of pharmacy was expressly denied to the board, while in this case the statute contemplates that the granting or refusing the license in this State to an applicant, holding a license from the Board of Examiners of another State, shall be entirely within the discretion of the Board of Medical Examiners of South Carolina.

The petition for mandamus is refused.