THE STATE OF DELAWARE, upon the relation of Margaret H. Foulger, *v.* DANIEL J. LAYTON, JOSEPH S. MCDANIEL and JULIAN ADAIR, Members of and constituting the Medical Council of Delaware, and OLIN S. ALLEN, TALEASIN H. DAVIES, WILLIAM J. MARSHALL, JR., JOHN H. MULLIN, and JOSEPH S. MCDANIEL, EDGAR Q. BULLOCK, WALLACE M. JOHNSON, JULIAN ADAIR, JAMES G. SPACKMAN and A. KING LOTZ, Members of and constituting the Boards of Medical Examiners of the State of Delaware.

(*November* 2, 1937.)

HARRINGTON and RICHARDS, J. J., sitting.

*Ivan Culbertson* (of the office of Hugh M. Morris) for relator.

*P. Warren Green,* Attorney-General, for respondents.

Superior Court for New Castle County. Petition for a perementory *Writ of Mandamus,* No. 123, March Term, 1937.

HARRINGTON, J., delivering the opinion of the court:

This case is before us on the motion of the respondents to dismiss the relator's petition for the issuance of a peremptory writ of mandamus. The sole question raised by that motion is whether, under the facts alleged, the relator is entitled, as a matter of right, to a certificate for a license to practice medicine and surgery in this State.

The petition, in substance, alleges that the relator was examined by the National Board of Medical Examiners and her qualifications to practice medicine and surgery were approved, and that approval certified to by that Board; that a copy of that certificate, certified to by the Secretary of the National Board of Medical Examiners, and a check for $50.00, payable to the Treasurer of the Medical Council of Delaware, accompanied her application to the Boards of Medical Examiners of the State of Delaware for a certificate for a license to practice medicine and surgery in this State; that at the same time she exhibited to the Boards evidence that the requirements of the said National Board of Medical Examiners, at the time her said certificate was issued, were substantially the same as the requirements of the said Boards of Examiners and Medical Council of Dela-

ware, and that she, also, filed her affidavit as to the personality thereof.

In support of their motion to dismiss the relator's petition, the respondents point out, however, that it does not allege that she was examined and her qualifications to practice medicine and surgery approved by the Medical Examining Boards of this State, or that those Boards, or either of them, recommended to the Medical Council that she be granted a license, without an examination. They, therefore, claim that it clearly appears from the petition that they are within their rights in refusing to issue the certificate for a license asked for.

The question presented is regulated by statute, and the rights of the parties depend on the construction of that statute. *Chapter* 58, *Volume* 33, *Laws of Delaware,* which is referred to in the relator's petition, is incorporated in *Chapter* 27 of the *Revised Code* of 1935 (*Section* 913 *et. seq.*). *Section* 913 of that *Chapter* of the *Code* provides:

"A Medical Council of Delaware is established, consisting of the Chief Justice of the State and of the Presidents of the two State Boards of Medical Examiners provided for in this Chapter."

*Section* 917 provides that the Medical Council

"shall issue certificates for license to practice medicine and surgery to such applicants as have presented such diplomas, as hereinafter required and successfully passed the examination hereinafter provided."

*Section* 918 provides:

"There shall be two separate Boards of Medical Examiners for the State of Delaware, one representing 'The President and Fellows of the Medical Society of Delaware,' and the other 'The Homeopathic Medical Society of Delaware State and Peninsula.'"

The same section, also, provides for the selection of those boards and the qualifications of their members.

*Section* 921 provides for the examination of applicants for certificates for a license to practice medicine and

surgery. It, also, provides that such examinations may be conducted by a committee duly authorized by the examining boards.

*Section* 923 provides that:

"After such examination, the Board of Medical Examiners having charge thereof shall, without unnecessary delay, act on the same. An official report of such action, signed by the President, Secretary and each acting member of said Board of Medical Examiners, stating the result of the examination, shall be transmitted to the Medical Council."

But it is conceded that the important section is *Section* 924 of the *Code*. It provides:

"On receiving from either of said Boards of Medical Examiners such official report of the examination of any applicant for certificate for license [to practice medicine and surgery], the Medical Council shall issue forthwith to each applicant who shall have been returned as having successfully passed the examination, a certificate to that effect.

"The Medical Council of Delaware may refuse to issue a certificate for a license to practice medicine and surgery or may revoke a certificate issued for a license to practice medicine or surgery for the following causes, to wit:

"Chronic and persistent inebriety; the practice of criminal abortion; conviction of a crime involving moral turpitude or for publicly advertising special ability to treat or cure chronic incurable diseases, or where any person shall present to the said Medical Council any diploma, license or certificate that shall have been illegally obtained or that shall have been signed or issued unlawfully or under fraudulent representations."

The same section further provides:

"Applicants examined and licensed by or who are or have been members of State Examining and Licensing Boards of other States, or applicants examined and approved by the National Board of Medical Examiners, upon the payment of fifty dollars to the Treasurer of the Medical Council of Delaware, and on filing with the Secretary of said Medical Council a copy of his or her license or certificate certified to by the Secretary of such Board, showing also that the standard of requirements of the said Board, at the time the said license or certificate was issued, was substantially the same as that required by the said Medical Council of Delaware, and of his or her affidavit as to the personality thereof, may be granted a certificate for a license to practice medicine and surgery by the said Medical Council upon the recommendation of the said Boards of Medical Examiners, without further examination thereby."

The relator claims that from the nature and purpose of the statute, it is apparent that the word "may," as used in the last paragraph of *Section* 924, was intended to mean "must" or "shall," and was not used in the permissive sense.

In most cases, the meaning of a statute necessarily depends on the language used, but in the absence of something clearly indicating a contrary intent, it is usually presumed that words, whether permissive or otherwise, were intended to have their usual and ordinary meaning. *Minor v. Mechanics' Bank,* 1 *Pet.* 46, 7 *L. Ed.* 47; 2 *Lewis' Sutherland Stat. Construction,* § 634.

It is true that there are cases where the character of the statute and the very nature of its object and the powers given by it are such as to indicate an apparent intent that the word "may," or some other word permissive in form used in it, was used in the imperative sense of "must" or "shall." 2 *Lewis' Suth. Stat. Construction,* § 634; *Julius v. Lord Bishop of Oxford, L. R.,* 5 *App. Cas.* 214.

In the absence of anything indicating a contrary intent, this is frequently true where the word "may," or some other permissive word is used in a statute conferring power on public officers or public bodies to do a particular thing, and the public interest or individual rights clearly call for the exercise of the power given. *Rock Island County Supervisors v. U. S.,* 71 *U. S.* (4 *Wall.*) 435, 18 *L. Ed.* 419; *Erie R. Co. v. Board of Public Utility Commissioners,* 89 *N. J. Law* 57, 98 *A.* 13; *Newburgh & C. Turnpike Road Co. v. Miller,* 5 *Johns. Ch.* (*N. Y.*) 101, 9 *Am. Dec.* 274; *State v. Board of Education,* 95 *Ohio St.* 367, 116 *N. E.* 516; 2 *Lewis' Suth. Stat. Construction,* §§ 635-637.

In considering this question, Chancellor Kent, in *Newburgh & C. Turnpike Road Co. v. Miller,* 5 *Johns. Ch.* (*N. Y.*) 101, 9 *Am. Dec.* 274, said: "And in respect to statutes, the rule of construction seems to be, that the word may

means must or shall only in cases where the public interest and rights are concerned, and where the public or third persons have a claim, *de jure,* that the power should be exercised."

 But, as we have already intimated, in its final analysis, even in a public act, whether the word "may" is used in a permissive or in an imperative sense, such as "shall" or "must," necessarily depends on the intent of the statute, as disclosed by its nature and object, as well as ·by its entire context.

This rule was well stated in *Kelley v. City of Cedar Falls,* 123 *Iowa* 660, 99 *N. W.* 556, 557, where the court said: "The primary or ordinary meaning of the word 'may' is undoubtedly permissive and discretionary. *Century Dict.* And in a statute or ordinance it can be construed in a mandatory sense only 'where such construction is necessary to give effect to the clear policy and intention of the Legislature; and where there is nothing in the connection of the language or in the sense or policy of the provision to require an unusual interpretation, its use is merely permissive and discretionary.' "

This is necessarily conceded by the cases cited on behalf of the realtor. *State v. Board of Education,* 95 *Ohio St.* 367, 116 *N. E.* 516; *South Park Commissioners v. Wood,* 270 *Ill.* 263, 110 *N. E.* 349; *McMullin v. Com. Title Ins. & Trust Co.,* 261 *Pa.* 574, 104 *A.* 760, 761; *Leigton v. Maury,* 76 *Va.* 865; see, also, 2 *Lewis' Suth. Stat. Construction,* § 635, *p.* 1146; § 640, *p.* 1155.

Because the question of intent is the material element to be considered, the cases are not in entire accord in construing particular statutory provisions, but the following cases cited on behalf of the respondents, and which involve the construction of statutes of the same general nature, would seem to support their claim that the word "may" in

this statute was used in its usual permissive sense. *Barton v. Schmershall,* 21 *Idaho* 562, 122 *P.* 385, *Ann. Cas.* 1913 *E,* 192; *People v. McKelway,* 163 *App. Div.* 286, 148 *N. Y. S.* 818; *Thomas v. State Board of Health,* 72 *W. Va.* 776, 79 *S. E.* 725, 49 *L. R. A.* (*N. S.*) 150; *Ex parte Hollis v. State Board of Medical Examiners,* 82 *S. C.* 230, 64 *S. E.* 232; *Wooding v. MacAlister,* 127 *A.* 38, 3 *N. J. Misc.* 47.

At any rate, as we view it, the various provisions of *Section* 924 of the *Revised Code* of 1935 clearly show that the word "may" in the last paragraph of that section was intended to be used in its usual and ordinary permissive sense.

■ As was aptly pointed out in *Lewis' Edition of Sutherland* on *Statutory Construction* (§ 640, *p.* 1154) : "The use of both 'may' and 'shall' in the same provision may afford a very forcible indication of the intention. Thus the use of words that are plainly compulsory in one aspect, and the use of others, which clearly are permissive in another, necessarily leads to an inference that the primary meaning is to be retained." See, also, *Reg. v. Overseers of South Weald,* 5 *B. & S.* 391, 122 *Eng. Repr.* 876.

■ It is clear from *Section* 924 that it contemplates two methods by which a person desiring to practice medicine and surgery in this State may seek to procure a certificate for a license from the Medical Council. If she has passed the prescribed examinations and a report to that effect has been received by the Medical Council from the Board of Examiners, unless the case is within the limitations or exceptions set out in the third paragraph of the section, the Medical Council "shall issue" the proper certificate for a license.

If, however, the applicant, without taking the usual State examinations, seeks to invoke the provisions of the last paragraph of *Section* 924, a very different situation is

presented. When she has been examined and licensed by a Medical Licensing Board of another State, or examined and approved by the National Board of Medical Examiners, on complying with the other provisions of that paragraph, if the professional requirements of the foreign jurisdiction are substantially the same, as in Delaware, she "may be granted a certificate for a license to practice medicine and surgery by the said Medical Council upon the recommendation of the said Board of Medical Examiners, without further examination thereby."

By the express provisions of the same section of the statute, though the applicant for a certificate for a license to practice medicine and surgery has passed the required examinations, and the proper examining Board has issued a certificate to that effect, the Medical Council "may," nevertheless, refuse to issue that license for any of the reasons set forth in the third paragraph of that section.

From the context of the statute, when read as a whole, it is, therefore, apparent that the Legislature intended to give the Medical Examining Boards and the Medical Council discretionary powers where the applicant for a certificate for a license to practice medicine and surgery in this State has not taken and passed the usual examinations but bases her application on an examination taken in another jurisdiction and on a certificate, showing her qualifications, issued by an Examining Board in that jurisdiction.

There is no allegation of fraud or abuse of the discretionary powers vested in the respondents, and our conclusion is that the relator's petition for a perementory writ of mandamus must be dismissed. *McCoy v. State,* 2 *Marv.* 543, 36 *A.* 81; *Hastings v. Henry,* 1 *Marv.* 287, 40 *A.* 1125; 38 *C. J.* 592, 675.