MARTHA J. SCOTT, Appellant, v. CITY OF WATERLOO, Appellee.

OFFICERS: Resignation, Suspension, or Removal—Police Matrons. A police matron (not being under civil service) is removable by the mayor on written order specifying the cause, even though the cause specifies no misconduct, and even though the statute provides that such appointees shall hold their position "during good behavior." (Secs. 654, 657, Code Supp., 1913.)

*Appeal from Black Hawk District Court.*—H. B. BOIES, Judge.

DECEMBER 21, 1920.

ACTION at law to recover salary which plaintiff alleges is due her as police matron of the defendant city. Trial was to the court, upon an agreed statement of facts, the material portions of which will be referred to in the course of the opinion. There was a judgment dismissing plaintiff's petition, and she appeals.—*Affirmed.*

*J. T. Knapp,* for appellant.

*E. F. Feely,* for appellee.

STEVENS, J.—Plaintiff, on August 1, 1912, was appointed police matron of the city of Waterloo, continuing to serve in that capacity until April 10, 1916, when, by written order of the mayor, duly served upon her and filed in the office of the city clerk, she was removed therefrom. The reasons for this action stated in the order of removal, in substance, are that, in his opinion, plaintiff was not in harmony with several of the city officials; that her administration was handicapped thereby, and the best results prevented; that she was not inclined to work in

harmony with the other departments of the city force; that her removal was deemed advisable and necessary to secure the best service and co-operation of the administration of the police department of the city, and for the most efficient administration of the city's affairs. On April 11th, the plaintiff, in writing, notified the mayor and acting chief of police of defendant city that she was and would continue at all times to be ready and willing to perform the duties of police matron; and, on April 12th, she surrendered her keys and badge of office to the mayor, and in writing denied the power of the mayor to remove her, declared her intention to retain the office, and again expressed her readiness to perform the duties thereof. Another party was appointed, and has performed the duties of police matron since April 10, 1916.

It is agreed that the office of police matron is not under the civil service. The sole question, therefore, presented for decision is: Was the removal of plaintiff by the mayor authorized, and if so, was it exercised in the proper manner? Section 654 of the Supplement to the Code, 1913, provides for the appointment of police matrons in certain cities, and is as follows:

"In cities having a population of twenty-five thousand or more, for each station house provided therein for the detention or imprisonment of women or children under arrest, the mayor may, and in cities having a population of thirty-five thousand or over shall appoint one or more women, residents of the city, as police matrons, who shall be over thirty years of age. The appointees shall be, so far as applicable, subject to the same regulations and restrictions as policemen, and hold their positions during good behavior, unless by reason of age or infirmity they become incapacitated to perform the duties of the position."

Section 657 of the Supplement to the Code confers authority upon the officer or body making the appointment to remove the appointee, and is as follows:

"All persons appointed to office in any city or town may be removed by the officer or body making the appointment, but every such removal shall be by written order which shall give the reasons therefor and be filed with the city clerk."

Section 657 of the Code of 1897 was repealed by Chapter 26, Acts of the Thirty-second General Assembly, and the above

enacted in lieu thereof.  The words "unless otherwise provided" were omitted from the statute as it appeared in the Code of 1897, and the following substituted therefor: "but every such removal shall be by written order which shall give the reasons therefor and be filed with the city clerk."

Appellant contends that the tenure of her office was during good behavior, unless she was incapacitated by reason of age or infirmity from performing the duties thereof.  The reasons set forth by the mayor in the written order of removal do not assign specific acts of misconduct or misbehavior, nor is it claimed that plaintiff was incapacitated to perform the duties of police matron because of age or other infirmity.  The official tenure of police matron is not definitely fixed by statute.  The term of "during good behavior" is necessarily indefinite.  If it be conceded that service "during good behavior" is contemplated by the statute, the term of service must, nevertheless, be subject to the power conferred upon the mayor to remove from office those appointed by him.  The authority conferred by Section 657 is broad, and confers a large discretion upon the officer or body making the appointment, to remove the appointee.  The statute does not require that removal from office shall be for cause, but only that the reasons therefor shall be made a part of the written order of removal, which must be filed with the city clerk.  If it had been the intention of the legislature to limit the power or authority of the appointing officer or body to make removals for good cause, it would, no doubt, have so declared. The power conferred by Section 657 is to remove one appointed; but, in exercising such power, the officer or body making the appointment must do so by written order, specifying the reasons therefor.  The authority of the mayor, under the foregoing statutes, to remove the police matron from office is clear, and the right of plaintiff thereto "during good behavior" is subject to the authority conferred upon the mayor to remove her from said office. *Smith v. Bryan,* 100 Va. 199 (40 S. E. 652). The statute does not require, as a condition precedent to the removal by the mayor of one appointed by him to office, that he charge and prove misbehavior.  The order of removal must be in writing, the reasons must be stated, and the order filed with

the city clerk. When this is done, the removal is complete, and the office rendered vacant.

It follows that the judgment of the court below must be, and is,—*Affirmed*.

WEAVER, C. J., LADD and ARTHUR, JJ., concur.