Lewis HAWKINS, Richard Fleig, Ralph Olson, and Vernon R. Bowman, all Individuals, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,

Glen Blickensderfer, Gurton Erickson, C. H. Kies, Cliff T. Seuferer, Wilfred A. Postel, Glen R. Deal and Henry Chapman, Intervenors-Appellants,

v.

Victor PREISSER, Director of State Department of Transportation, and H. E. Gunnerson, Director, Highway Division, Appellees.

No. 59855.

Supreme Court of Iowa.

March 22, 1978.

Gordon E. Allen, Legal Director, Iowa Civil Liberties Union, Des Moines, for appellants.

Richard C. Turner, Atty. Gen., Asher E. Schroeder and Robert W. Goodwin, Sp. Asst. Attys. Gen., for appellees.

REES, Justice.

This is an appeal by plaintiffs and intervenors, all employees of the Highway Divi-

sion of the Iowa Department of Transportation, from a ruling of the trial court that §§ 97B.45 and 97B.46, The Code, 1975, permitting each state agency to establish its own retirement policy, are not patently arbitrary and bear a rational relationship to a legitimate governmental interest. As we reach the same conclusions as the trial court, we affirm.

The Iowa Department of Transportation became a legal entity on July 1, 1975, pursuant to Acts of the 65th General Assembly. On the same date, the Iowa State Highway Commission ceased to exist as a separate legal entity and became one of the seven divisions of the Department of Transportation, namely, the Highway Division. The plaintiffs and intervenors were at all times material to this case employees of the Iowa State Highway Commission prior to July 1, 1975, and subsequent thereto employees of the Highway Division of the Department of Transportation. At the time of the institution of the action, all of the plaintiffs and intervenors were aged 65 to 69 years.

When it existed, prior to July 1, 1975 as a separate entity, the Iowa State Highway Commission had a developed policy fixing the retirement age of its employees at 65 years, but upon application of an individual employee the Commission, if it saw fit, granted extensions of employment beyond age 65.

In early 1976 the Department of Transportation adopted a written rule, effective March 1, 1976, fixing age 65 as the mandatory retirement age and eliminating the possibility of further extensions beyond that age. The written rule was the outgrowth of a change in policy developed by the Department of Transportation and prior to the actual implementation of the rule, defendant Preisser, in his capacity as director of the Department of Transportation, announced that no further extensions under the old policy were to be granted, effectively mandating retirement of all personnel at age 65.

On July 29, 1975 plaintiffs instituted this action by filing petition for temporary and permanent injunctive relief against the de-fendants, alleging among other grounds that the unwritten rule at that time and the subsequent written rule insofar as it was applied to the plaintiffs, was in violation of the equal protection provisions of amendments 5 and 14 of the United States Constitution and of Article 1, sections 1 and 6 of the Constitution of Iowa, in that the operation of §§ 97B.45 and 97B.46, The Code, 1975 made the likelihood of plaintiffs' continued employment with the State entirely dependent upon the identity of the department of state government for which a state employee worked, as some departments regularly granted extensions of employment beyond age 65. The trial court ordered the issuance of a writ of temporary injunction prohibiting the termination of the employment of plaintiffs pending hearing on the merits of the cause. The intervenors filed their petition in intervention on February 8, 1976, alleging the same grounds as set forth in the plaintiffs' petition and on February 24, 1976 the trial court entered its order permitting the intervention of the intervenors and ordering a temporary injunction against their separation from the service of the Department until trial on the merits.

Following trial on the merits, the trial court filed its findings of fact, conclusions of law and decree in which it found and held defendants had failed to establish the invalidity of §§ 97B.45 and 97B.46, The Code, and quashed the temporary injunction. This appeal ensued.

Only one issue is before us for determination, namely, whether the trial court was correct in concluding that §§ 97B.45 and 97B.46, The Code, 1975 do not deny equal protection, although each state agency is allowed to establish its own retirement policies and plaintiffs' likelihood of continuing employment with the State varies according to the department of state government by which plaintiffs were employed.

I. The statutory provisions which are involved in this appeal are, as above mentioned, §§ 97B.45 and 97B.46, The Code, 1975. Section 97B.45 provides as follows:

"Retirement age at sixty-five. A member's normal retirement date shall be

the first of the month coinciding with or next following his sixty-fifth birthday. A member [of the Iowa Public Employees' Retirement System] may retire after his sixty-fifth birthday except as otherwise provided in section 97B.46. A member retiring after his normal retirement date, as provided in section 97B.46, shall submit a written notice to the commission [Iowa Employment Security Commission] setting forth the date the retirement is to become effective, provided that such date shall be after his last day of service and not before the first day of the sixth calendar month preceding the month in which the notice is filed, except that credit for service shall cease when contributions cease as provided in section 97B.11.

"Notwithstanding the provisions of this section and section 97B.46, an employer may adopt policies which prescribe retirement at an age not less than sixty-five years.

"The provisions of this section shall not be construed to render invalid any provisions of a policy established by an employer which prescribes retirement at an age not less than sixty-five years."

The other disputed section § 97B.46, provides:

"Service after age sixty-five. A member may, on the request of the employer, remain in the active employ of the employer beyond the date he attains the age of sixty-five for such period or periods as the employer from time to time shall approve, provided, however, that credit for such service shall cease when contributions cease as provided in section 97B.11. The member shall retire from the employment of the employer at the end of the last approved period, on the first day of the month next following or coinciding with such date. A member remaining in service past his seventy-second birthday shall be entitled to receive a retirement allowance under subsections 2 and 3 of section 97B.49 commencing with payment for the calendar month within which the written notice is submitted to the commission, except that if he fails to submit the notice on a timely

basis, retroactive payments shall be made for no more than six months immediately preceding the month in which the written notice is submitted."

II. Plaintiffs and intervenors argue that the operation of §§ 97B.45 and 97B.46, The Code, denies them equal protection of the law since said statutes permit agencies and departments of state government to set individual retirement ages of their employees in excess of age 65. They contend this discretion results in the agencies and departments of state government having differing retirement ages even though many functions and job descriptions are identical. Since the State of Iowa is the ultimate employer, plaintiffs and intervenors contend that permitting retirement ages to be determined by the separate agency with resultant different retirement policies for each agency makes the statute unreasonable, arbitrary and capricious, and the literal enforcement thereof denies plaintiffs and intervenors equal protection of the law.

On the other hand, the defendants contend that placing the power in individual agencies to set retirement ages in excess of age 65, is not unreasonable and, therefore, does not deny plaintiffs and intervenors equal protection since there is a rational basis for the classification of employees and the fixing of separate retirement age policies according to the agency for which each employee works. Defendants contend there is a rational basis for the statute's classification since the statute permits each individual agency to determine its own retirement policy in accordance with its own needs, in relation to its budget, the composition of its labor force, and its requirement for employees of particular skills and experience. To exemplify the claimed rational basis, defendants point to the situation in the present case; the Department of Transportation and its Highway Division felt the need to reduce its work force as a result of budgetary limitations and sought to reduce the force by attrition by employing a stricter retirement policy to accomplish such an end. Defendants also made reference to composition of the work force of each agen-

cy, skills, experience, et cetera, as providing a rational basis for permitting each agency to determine its own retirement policy. The trial court accepted the rationale advanced by the defendants in its findings of fact, conclusions of law, and decree.

■ III. In determining whether plaintiffs and intervenors carried the burden of proving that §§ 97B.45 and 97B.46, The Code, deny equal protection to them, we must decide whether strict scrutiny or rationality is the proper standard to test the validity of the statute. Strict scrutiny is only employed when a fundamental right or a suspect class is involved. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520, 524 (1976); *Lunday v. Vogelmann,* 213 N.W.2d 904, 907 (Iowa 1973). The right to be employed by a governmental agency is not a fundamental right. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. at 312, 96 S.Ct. at 2566, 49 L.Ed.2d at 524. Further, the method of classification based on an independent agency's determination is not a suspect classification, even though such classification is partially based on age. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. at 313, 96 S.Ct. at 2566, 49 L.Ed.2d at 524; see *Lunday v. Vogelmann,* 213 N.W.2d at 907. Since the statute which permits a classification allowing each agency to make an independent determination of the mandatory retirement age of its employees, does not affect a fundamental right or a suspect class, rationality or traditional equal protection analysis must be employed to determine the constitutionality of §§ 97B.45 and 97B.46.

■ In applying the traditional equal protection test, it has been said that a statute will not be ruled constitutionally invalid "unless it is 'patently arbitrary' and bears no rational relationship to a legitimate governmental interest." *Frontiero v. Richardson,* 411 U.S. 677, 681, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583, 589 (1973); *Lunday v. Vogelmann,* 213 N.W.2d at 907. We have also said that in the application of such a test, the statute has the presumption of constitutionality, the burden is upon the attacker to prove beyond a reasonable doubt that the statute violates equal protection concepts, and we do not pass upon the wisdom of the statute. *City of Waterloo v. Selden,* 251 N.W.2d 506, 508 (Iowa 1977). In order to prove a statute violates equal protection a plaintiff must show there is no reasonable basis for the classification in the statute. *Dickinson v. Porter,* 240 Iowa 393, 399–400, 35 N.W.2d 66, 71.

■ IV. We must determine here, viewed in light of the foregoing standards, whether §§ 97B.45 and 97B.46, which permit agencies to set their own retirement ages in excess of age 65, permit an unreasonable and arbitrary classification with no rational relationship to a legitimate governmental interest.

The purpose of chapter 97B which established the Iowa public employees retirement system was enunciated by the legislature in § 97B.2, The Code, which provides:

"The purpose of this chapter is to promote economy and efficiency in the public service by providing an orderly means whereby employees who become superannuated may, without hardship or prejudice, be replaced by more capable employees, and to that end providing a retirement system which will provide for the payment of annuities to public employees, thereby enabling the employees to care for themselves in retirement, and which by its provisions will improve public employment within the state, reduce excessive personnel turnover and offer suitable attraction to high-grade men and women to enter public service in the state."

Clearly, the purpose behind chapter 97B and specifically §§ 97B.45 and 97B.46 is a legitimate state interest since it concerns public employment. We are, therefore, constrained to hold, and do hold, that §§ 97B.45 and 97B.46 are rationally related to the purpose of the statute set out in § 97B.2, and are not arbitrary. Plaintiffs and intervenors claim § 97B.46 permits different state agencies to establish dissimilar ages for retirement of employees in job classifications which are similar from department to department and that such situ-

ation unreasonably discriminates against the employee who is affected by an earlier retirement age. However, such statutory provision allows an agency to set its own retirement policy in accordance with its peculiar budgetary needs and employment requirements. Such flexibility is demonstrated in the present case when the Department of Transportation changed its policy allowing a few employees to work beyond the age of 65 if the best interests of the Department were served thereby to a policy of mandatory retirement at age 65 with no exceptions in order to meet budgetary limitations while avoiding the layoff of younger employees whose skilled service to the Department would continue over a longer period of time. In other circumstances an agency might properly set its retirement age policy at an age older than 65 in order to retain key employees to meet the work demands of that agency. Further, as the defendants point out, such flexibility in policy fixing permits an agency to determine a retirement age in accordance with the composition of its work force. In any case, it is clear §§ 97B.45 and 97B.46 "promotes economy and efficiency in the public service", and, therefore, the provisions of the statute which in effect enable individual agencies to determine retirement age policies beyond the age of 65 years, are rationally related to a legitimate state interest, and such provisions are neither unreasonable nor arbitrary in and of themselves.

We conclude, therefore, such provisions are not violative of equal protection of the laws under either the federal or state constitution since the provisions on equal protection in both are similar. *City of Waterloo v. Selden,* 251 N.W.2d at 509; *Graham v. Worthington,* 259 Iowa 845, 863, 146 N.W.2d 626, 638.

In sum, we conclude plaintiffs and intervenors have failed to meet the burden resting upon them to negate every conceivable basis which might support §§ 97B.45 and 97B.46, and to demonstrate the provisions of §§ 97B.45 and 97B.46 are violative of the rights of the plaintiffs and intervenors to equal protection of the laws under either amendment 14 of the United States Consti-

tution or Article I, § 6, of the Constitution of Iowa.

We therefore affirm the trial court.

AFFIRMED.

All Justices concur except HARRIS and UHLENHOPP, JJ., who dissent.

HARRIS, Justice (dissenting).

I respectfully dissent because I agree with plaintiffs that the defendant's retirement policy denies them the equal protection of laws as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Art. I, §§ 1 and 6 of the Iowa Constitution.

The two Code sections §§ 97B.45 and 97B.46 are quoted in the majority opinion. The first of these sections grants authority to adopt policies prescribing retirement ages of not less than the designated "normal retirement" age of 65. Section 97B.46 grants authority to allow continued employment on a case by case basis beyond the age thus fixed. Pursuant to § 97B.46, the plaintiffs, when employed by the former Iowa Highway Commission, could apply to have their employment continued after the age of 65. Under the policy challenged that right of application is no longer available. I believe the application rights were not withdrawn on any criteria which has a rational basis.

The relation of regulatory distinctions to the statutes under which they are promulgated was explained in *Hein v. Burns,* 402 F.Supp. 398 (S.D.Iowa 1975):

"Regulatory distinctions must be based on differences that are reasonably related to the purposes of the Act in which those differences are found. *Morey v. Doud* (1957), 354 U.S. 457, 465, 77 S.Ct. 1344, 1 L.Ed.2d 1485; *Dandridge v. Williams* (1970), 397 U.S. 471, 485, 90 S.Ct. 1153, 25 L.Ed.2d 491; *Rinaldi v. Yeager* (1966), 384 U.S. 305, 309, 86 S.Ct. 1497, 16 L.Ed.2d 577. * * * ."

Under this test, the question becomes whether the challenged policy of defendants is related to the purposes of the legis-

lation from which it is derived. We can easily determine the purposes of the legislation. Section 97B.2 explains the purpose of the Iowa public employees retirement system:

"The purpose of this chapter is to promote economy and efficiency in the public service by providing an orderly means whereby employees who become superannuated may, without hardship or prejudice, be replaced by more capable employees, and to that end providing a retirement system which will provide for the payment of annuities to public employees, thereby enabling the employees to care for themselves in retirement, and which by its provisions will improve public employment within the state, reduce excessive personnel turnover and offer suitable attraction to high-grade men and women to enter public service in the state."

I see nothing in the withdrawal of plaintiff's right to be considered for employment past 65 which relates in any way to the stated purposes of the act. Defendants argue that agency by agency retirement is necessary because "each agency has different and individual tastes, personnel needs, and budget limitations that it can better respond to if it is able to establish its own retirement policy." It is questionable if this amounts to a significant advantage to the agency. If so retirement would certainly be more orderly if the legislature had prescribed retirement at age 65 for all state agencies rather than allowing exceptions for individuals or agencies.

In any event defendant's argument wholly ignores the needs of the individuals who are retiring, whereas the first stated purpose of the act is that superannuated employees are to be replaced "without hardship or prejudice." The statute says nothing about the agencies' budgets, tasks, or personnel needs. The agency's challenged approach can only increase the hardship or prejudice to the retiring employees.

I believe the denial of possible exceptions under § 97B.46 has not been shown to be based on differences that are reasonably related to the purposes stated in § 97B.2.

See *Faruki v. Rogers,* 349 F.Supp. 723 (D.D. C.1972) and *Bradley v. Vance,* 436 F.Supp. 134 (D.D.C.1977). I would reverse.

UHLENHOPP, J., joins in this dissent.