**In re the MARRIAGE OF Garry Francis RUDISH and Carole Jean Rudish.**

**Upon the Petition of Garry Francis Rudish, Appellant,**

**And Concerning Carole Jean Rudish, Appellee.**

No. 90–1754.

Supreme Court of Iowa.

July 17, 1991.

Thomas J. Shields of Lane & Waterman, Davenport, for appellant.

Edward N. Wehr of Wehr, Berger, Lane & Stevens, Davenport, for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and NEUMAN, JJ.

PER CURIAM.

Garry and Carole Rudish were formerly married to each other. They have one child, a daughter born in September 1973.

The marriage was dissolved in 1985. The dissolution decree placed the parties' daughter in joint legal custody and in Carole's primary physical care. The dissolution decree directed Garry to pay child support of $325 per month.

In 1990 Carole filed an application to modify the dissolution decree. She sought an increase in her child support award. After a hearing, the district court modified the dissolution decree by increasing child support from $325 per month to $747 per month. Garry has appealed from the modification order.

■ I. We believe the district court's modification of child support was supported by evidence of changed circumstances. *In re Marriage of Bergfeld,* 465 N.W.2d 865, 869 (Iowa 1991). While both parties have had increases in income since the 1985 dissolution decree, the increase in Garry's income has been substantially greater than the increase in Carole's income. Moreover, Garry's new job as a superintendent of schools was not foreseeable at the time of the 1985 dissolution decree.

The record does not support Garry's contention that Iowa's adoption of child support guidelines was the sole reason for the modification.

■ II. Garry contends that our child support guidelines deny equal protection under the United States and Iowa Constitutions because they treat a noncustodial parent who enjoys an increase in income differently from a custodial parent who enjoys a similar increase in income. He argues that when a noncustodial parent's income increases, the guidelines impose a mandated and arbitrary increase in the support obligation, without regard to the children's actual needs. By contrast, he suggests, when a custodial parent's income increases, the custodial parent may continue to expend for the support of children only those amounts the children actually need.

To prevail on his equal protection challenge, Garry bears a heavy burden to demonstrate that the child support guidelines are patently arbitrary and bear no rational relationship to a legitimate state interest. *Bennett v. City of Redfield,* 446 N.W.2d 467, 474 (Iowa 1989); *Beeler v. Van Cannon,* 376 N.W.2d 628, 629 (Iowa 1985). We believe Garry has wholly failed to meet this burden. Promoting the prompt and fair payment of child support is not merely a legitimate state interest, but a compelling one. This is the goal our legislature sought to serve when it authorized our child support guidelines. *See* Iowa Code § 598.21(4) (1991). Far from being arbitrary, the guidelines have been designed to provide uniformity in child support obligations among similarly situated obligors.

We find no merit in Garry's constitutional challenges.

III. We affirm the district court's modification order in its entirety.

Garry is directed to contribute $1250 toward Carole's attorney fees on appeal.

AFFIRMED.