# IN THE COURT OF APPEALS OF IOWA

No. 17-1480
Filed July 5, 2018

**PAULA DAWN MCINTOSH,**
    Plaintiff-Appellant,

**vs.**

**CITY OF RIVERDALE and SONYA PADDOCK,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Scott County, Mark J. Smith, Judge.

Paula McIntosh appeals the district court's annulment of a writ of certiorari.

**AFFIRMED.**

Michael J. Meloy of Meloy Law Office, Bettendorf, for appellant.

Michael C. Walker and Paul L. Macek of Hopkins & Huebner, P.C., Davenport, for appellees.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

On February 6, 2017, the city council of the City of Riverdale unanimously voted to remove Paula McIntosh from her position as city clerk "for inattention to detail and lack of effective communication and cooperation with City Officials." The next day, Riverdale, by certified mail, sent a written order of removal advising McIntosh of the council's decision and of her right to file a request for a public hearing before the council. *See* Iowa Code § 372.15 (2017). On February 13, McIntosh requested such a public hearing. On both February 15 and 23, Riverdale, through counsel, advised McIntosh by letter that the public hearing would take place at the city council meeting on March 7.[1] On March 1, the minutes of the February 21 city council meeting were published in the *Quad City Times*. This publication noted the council's approval of a motion "to schedule Public Hearing on March 7, 2017, during regular Council Meeting pursuant to Iowa Code 372.15 Regarding The Removal of an Appointee following all business." On March 2, Riverdale posted an agenda for the upcoming March 7 council meeting outside of city hall which noted McIntosh's removal would be considered at the meeting. McIntosh ultimately attended the March 7 council meeting, in which she was represented by counsel and she and several others spoke on her behalf, after which the council voted unanimously to confirm the removal of McIntosh as the city clerk.

On April 5, McIntosh filed a petition for a writ of certiorari alleging (1) Riverdale violated Iowa Code section 362.3 and Riverdale Municipal Code

---

[1] The February 15 letter advised the hearing was anticipated to occur on March 7 at the regular council meeting. The February 23 letter confirmed the same.

section 18.05 by failing to properly publish notice of the public removal hearing and (2) such improper notice violated her due process rights under the Iowa Constitution. Following the district court's issuance of a writ of certiorari, Riverdale moved to quash the writ. Following a hearing, the district court granted Riverdale's motion to quash and annulled the writ of certiorari, concluding Iowa Code section 372.15 and its counterpart in the Riverdale Municipal Code do not require notice of a removal hearing and McIntosh's due process rights were not violated.

McIntosh appeals, contending the district court erred in concluding Riverdale was not required to publish notice of the hearing and her due process rights were not violated. We review certiorari actions and issues of statutory interpretation for correction of errors at law. *Burroughs v. City of Davenport Zoning Bd. of Adjustment*, ___ N.W.2d ___, ___, 2018 WL 2372570, at *4 (Iowa 2018) (certiorari); *Jahnke v. Deere & Co.*, 912 N.W.2d 136, 141 (Iowa 2018) (statutory interpretation). Our review of the constitutional due process claim is de novo. *See City of Des Moines v. Ogden*, 909 N.W.2d 417, 422 (Iowa 2018).

First, McIntosh argues the district court erred in concluding Riverdale was not required to publish notice of the public hearing before the city council. Specifically, she contends the correct statutory interpretation of Iowa Code section 372.15 and its counterpart in the municipal code[2] requires formal publication of notice of the public hearing. Her position is that the use of the term "public hearing" in these provisions "infers" a requirement that notice of the hearing be formally published. As such, McIntosh argues Iowa Code section 362.3 and its counterpart

---

[2] The municipal code provision is largely identical to the statute. *See* Riverdale, Iowa Mun. Code § 5.09.

in the municipal code[3] require publication be made in accordance with those provisions.

Iowa Code section 372.15, which concerns "removal of appointees," provides the following:

> Except as otherwise provided by state or city law, all persons appointed to city office may be removed by the officer or body making the appointment, but every such removal shall be by written order. The order shall give the reasons, be filed in the office of the city clerk, and a copy shall be sent by certified mail to the person removed who, upon request filed with the clerk within thirty days of the date of mailing the copy, shall be granted a *public hearing* before the council on all issues connected with the removal. The hearing shall be held within thirty days of the date the request is filed, unless the person removed requests a later date.

(Emphasis added.) Iowa Code section 362.3, which governs "publication of notices," in relevant part, states:

> 1. Unless otherwise provided by state law:
> a. *If notice of* an election, *hearing*, or other official action *is required by the city code*, the notice must be published at least once, not less than four nor more than twenty days before the date of the election, *hearing*, or other action.
> b. A publication *required by the city code* must be in a newspaper published at least once weekly and having general circulation in the city. However, if the city has a population of two hundred or less, or in the case of ordinances and amendments to be published in a city in which no newspaper is published, a publication may be made by posting in three public places in the city which have been permanently designated by ordinance.

(Emphasis added.) The plain language of this section and its counterpart in the Riverdale Municipal Code make clear that notice of a hearing is only required to be published if such official publication is required by the city code. The question before us is therefore whether the Riverdale Municipal Code requires notice by

---

[3] Again, the substance of the municipal code provision is largely the same as the statute, but it provides additional publication specifications specific to Riverdale. *See id.* § 18.05.

way of publication for a public hearing under Iowa Code section 372.15 and Riverdale Municipal Code section 5.09.

In interpreting a statute, "[w]e start with the often-repeated goal of statutory interpretation which is to discover the true intention of the legislature." *Gardin v. Long Beach Mortg. Co.*, 661 N.W.2d 193, 197 (Iowa 2003). The "first step in ascertaining the true intention of the legislature is to look to the statute's language." *Id.* "If the statute is unambiguous, we look no further than the statute's express language." *Kay-Decker v. Iowa State Bd. of Tax Review*, 857 N.W.2d 216, 223 (Iowa 2014) (quoting *Rolfe State Bank v. Gunderson*, 794 N.W.2d 561, 564 (Iowa 2011)). "If, however, the statute is ambiguous, we inquire further to determine the legislature's intent in promulgating the statute." *Id.* "A statute is ambiguous when reasonable minds could disagree as to its meaning." *Naumann v. Iowa Prop. Assessment Appeal Bd.*, 791 N.W.2d 258, 261 (Iowa 2010).

We agree with McIntosh's concession that "[t]here is no ambiguity here"— the plain language contained in Iowa Code section 372.15 and Riverdale Municipal Code section 5.09 is straightforward and clear. These provisions only require that a "public hearing" be granted upon a request from an individual removed from city office. The provisions do not call for notice of the hearing of any kind. If the legislature or the drafters of the municipal code wanted to require notice by publication under these provisions, it is clear that they certainly know how to impose such a requirement.[4] Simply stated, the plain and unambiguous language

---

[4] *See, e.g.*, Iowa Code §§ 26.12 ("Notice of the hearing must be published as provided in section 362.3 . . . ."); 26.15 ("The governmental entity shall solicit contractors by publishing a notice as provided in section 362.3."); 37.4 ("Notice . . . shall be given by publication . . . as provided in section 362.3."); 330.18 ("Notice . . . shall be given by publication . . . subject

of these provisions calls only for a public hearing—a hearing that is open to the public—which indisputably occurred here. Because the municipal code does not require notice of such a hearing to be published, section 362.3 is not applicable.[5] We affirm the district court's conclusion of the same.

_____

to section 362.3 . . . ."); 336.13(2) (allowing for a hearing "after notice of the hearing is published as provided in . . . section 362.3"); 364.2(4) (Notice of the time and place of the hearing shall be published as provided in section 362.3."); 364.12(2)(a) ("Following notice as provided in section 362.3, public ways and grounds may be vacated by ordinance."); 368.3(2) ("Notice of the time and place of the public hearing and the proposed action shall be published as provided in section 362.3, except that at least ten days' notice must be given."); 368.15 ("A notice of the hearing . . . must be published as provided in section 362.3, except that there must be two publications in a newspaper . . . ."); 368.20(1)(a) (requiring county commissioner to "[s]erve and publish notice . . . as provided in section 362.3"); 372.4(4) ("Notice of the time and place of the public hearing shall be published as provided in section 362.3, except that at least ten days' notice must be given."); 372.9(2) ("The notice shall be published at least twice in the manner provided in section 362.3 . . . ."); 372.13(2)(a)(2) ("If the council chooses to proceed under this paragraph, it shall publish notice in the manner prescribed by section 362.3 . . . ."); 376.5 ("Notice containing a copy of the ballot for each regular, special, primary, or runoff city election must be published by the county commissioner of elections as provided in section 362.3 . . . ."); 380.7(3) (requiring city clerk to "[p]ublish a summary of all ordinances or the complete text of ordinances and amendments in the manner provided in section 362.3"); 380.8(2)(b) ("The clerk shall publish notice of the hearing as provided in section 362.3."); 380.10(3) (same); 384.12(19)(e) ("Notice of the election shall be published twice in accordance with the provisions of section 362.3, except that the first such notice shall be given at least two weeks before the election."); 384.22(1) ("[A] city shall publish an annual financial report as provided in section 362.3 . . . ."); 384.25(2) (requiring certain matters to "be published as provided in section 362.3"); 384.37(18) ("'Publication' means public notice given in the manner provided in section 362.3."); 384.38(3)(a) (requiring "notice published in accordance with section 362.3"); 384.40 (requiring notice "in the manner provided by section 362.3"); 384.50(1) (same); 384.60(1)(e) (same); 384.83 (requiring "notice by publication in the manner directed in section 362.3"); 386.3(4) (requiring notice of a "meeting as provided in section 362.3"); 403.9(3)(b) ("[A] notice of the proposed action . . . must be published as provided in section 362.3."); 404.2(3), (6) (requiring notice of public hearings in accordance with section 362.3); 404B.2(3) (same); 404B.3(1) ("Notice of the hearing shall be published as provided in section 362.3."); 414.3(4)(a) ("The notice shall be published as provided in section 362.3."); 414.4 ("The notice of the time and place of the hearing shall be published as provided in section 362.3 . . . ."); Riverdale, Iowa Mun. Code § 7.05(5) (requiring notice of annual operating budget to be "published").

[5] We acknowledge that the city council meeting at issue involved "deliberation or action upon . . . matter[s] within the scope of the governmental body's policy-making duties," Iowa Code § 21.2(2), and, as such, the council was required to "give notice of the time, date, and place of [such] meeting . . . and the tentative agenda of the meeting, in a manner reasonably calculated to apprise the public of that information." *Id.* § 21.4(1)(a).

Next, McIntosh contends Riverdale's failure to publish notice of the hearing violated her due process rights. Aside from our conclusion, above, that Riverdale was not statutorily required to publish notice of the hearing, we note "[t]he central elements of due process are notice and an opportunity to defend." *Silva v. Emp't Appeal Bd.*, 547 N.W.2d 232, 234–35 (Iowa Ct. App. 1996); *accord Bennett v. City of Redfield*, 446 N.W.2d 467, 471 (Iowa 1989) (stating "if the claimant has been afforded notice and opportunity to be heard in a name clearing hearing, no liberty interest claim arises" and "[d]ue process requires only that the claimant be accorded notice of the charges and opportunity to present arguments and evidence at a public forum").

McIntosh was provided with adequate notice of the hearing, in which she was represented by counsel and she and several others spoke on her behalf. We find due process to be satisfied in this case and affirm. *Cf. Bennett*, 446 N.W.2d at 470–73 (finding no liberty- or property-interest due process violation where claimant was advised of removal in accordance with section 372.15, a timely public

---

Reasonable notice shall include . . . posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is held.

*Id.* Such notice must be given twenty-four hours before the commencement of the meeting. *Id.* § 21.4(2)(a). Here, the council posted a notice of public hearing at city hall on March 2, several days before the meeting. This notice provided the date, time, and place of the meeting, and an agenda of the meeting, which included "Discussion And Possible Action On RESOLUTION 2017-12 RESOLUTION CONFIRMING OR DENYING THE REMOVAL OF PAULA MCINTOSH AS CLERK/TREASURER." "If another section of the Code requires a manner of giving specific notice of a meeting, hearing, or an intent to take action by a governmental body, compliance with that section shall constitute compliance with the notice requirements of" section 21.4. *Id.* § 21.4(4). Section 372.15 does not require a manner of giving specific notice. As such, the only notice required for the city council meeting was that required under section 21.4, which Riverdale satisfied, and compliance of which is not challenged by McIntosh.

hearing was held upon the claimant's request, and the claimant appeared at the hearing with counsel and disputed removal).

**AFFIRMED.**