John HAWKINSON, Appellant,

v.

**LOUISA COUNTY CIVIL SERVICE COMMISSION and Unified Law Enforcement Public Safety Commission, Appellees.**

No. 87–1481.

Supreme Court of Iowa.

Nov. 23, 1988.

Rehearing Denied Dec. 16, 1988.

Bruce J. Schulte of Ruther, Bauer, Schulte, Hahn, Swanson & Crowley, Burlington, for appellant.

Roger A. Huddle, Co. Atty., for appellees.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

NEUMAN, Justice.

Appellant John Hawkinson, a Louisa County deputy sheriff (Hawkinson), and cross-appellant Louisa County Civil Service Commission and Unified Law Enforcement Public Safety Commission (commission) have each challenged a district court ruling that reversed the commission's termination of Hawkinson's employment but suspended him without pay for failure to report for one day's work and failure to maintain a Louisa County residence. On appeal, Hawkinson claims the court exceeded its scope of review by fashioning a remedy beyond affirmance or reversal of the commission's action. The commission's cross-appeal disputes the court's determination that Hawkinson's conduct warranted suspension, not termination. On both appeals, resolution turns on the scope of review intended by the governing statute, Iowa Code section 341A.12 (1987). Because the district court tried Hawkinson's appeal de novo, contrary to the statute, we must reverse.

I. Since 1976, Hawkinson has been employed as a deputy sheriff for Louisa County. His employer is the Unified Law Enforcement Public Safety Commission, a body organized to furnish law enforcement to municipalities and townships located within Louisa County in accordance with Iowa Code section 28E.21 et seq. (1983) (authorizing the establishment and financing of law enforcement districts). Although chapter 28E provides no terms of employment for such law enforcement district employees, Hawkinson at all times acted under the belief that his employment was governed by Iowa Code chapter 341A, "Civil Service for Deputy County Sheriffs," and the parties to this action so stipulated.

As a deputy sheriff, Hawkinson was required to maintain a residence in Louisa County. In 1982, the sheriff learned that Hawkinson was not complying with this requirement. It appears that as a result of a divorce, Hawkinson's wife had been awarded their Louisa County house and Hawkinson had taken up residency at his parents' home and cabin in Des Moines County. The sheriff issued Hawkinson a written reminder of the residency policy.

In response to the sheriff's directive, Hawkinson and another deputy rented a run down house in Louisa County. Although some effort was made to make the place habitable, and each spent some time there, neither could recall, when asked, whether they had ever spent even one night there. By 1983, electrical service to the residence was terminated and Hawkinson had resumed regular residency at his parents' cabin outside the county.

Meanwhile, on the morning of September 8, 1983, Hawkinson informed the county dispatcher that he was ill with a toothache and would not be reporting for duty as scheduled at three o'clock that afternoon. After taking pain medication and a nap, Hawkinson reportedly felt better by late afternoon. Instead of reporting to work, however, he attended a previously scheduled typing test in connection with another job opportunity.

Hawkinson's failure to report to work on September 8, combined with his persistent

failure to maintain a Louisa County residence, prompted the sheriff to terminate his employment. Hawkinson appealed the sheriff's decision to the Louisa County Civil Service Commission which affirmed the termination. Then, in accordance with Iowa Code section 341A.12, Hawkinson appealed the commission's ruling to the district court.

The district court concluded "that Hawkinson's appeal should be heard (or tried) de novo ... and that no presumptions in favor of the agency's decision should be indulged." It found the facts sufficient to warrant "some disciplinary action against Hawkinson" but not termination. Accordingly, it suspended Hawkinson without pay for fourteen days and conditioned his reinstatement on furnishing proof of residency within thirty days. If Hawkinson failed to furnish such proof within the allotted time, he would be terminated. It is from this ruling that the parties have appealed.

II. Iowa Code section 341A.12 outlines the procedure to be followed in the removal, suspension or demotion of a county deputy sheriff. Such action may only be upon written accusation by the county sheriff and then only "for cause." *Id.* The affected employee may appeal the sheriff's decision to the civil service commission which shall "hold a hearing thereon, and fully hear and determine the matter, and either affirm, modify, or revoke such order." *Id.* If the employee wishes to appeal the commission's ruling, as Hawkinson did here, the commission must then certify a copy of the transcript of its proceedings to the district court. *Id.*

The parties to this appeal have no quarrel with the statute's procedure to this point. They are at odds, however, over the nature and scope of the appeal to the district court, described in the statute as follows:

The court shall proceed to hear and determine the appeal in a *summary manner.* Such hearing shall be confined to the determination of whether the order of removal, suspension, or demotion made by the commission was made *in*

*good faith and for cause,* and no appeal shall be taken except upon such grounds. Iowa Code § 341A.12 (emphasis added).

■ We have not previously been asked to consider the scope of appellate review afforded by section 341A.12. Hawkinson contends, and the trial court held, that because deputy sheriffs are civil service employees, their employment appeals should be governed by the same standard applicable to the termination of municipal civil servants under Iowa Code chapter 400. That statutory scheme, however, specifically provides that "said appeal shall be a trial de novo as an equitable action." Iowa Code § 400.27; *see also Sieg v. Civil Serv. Comm'n,* 342 N.W.2d 824, 828 (Iowa 1983) (in such appeals, "the district court shall try the case anew and give no weight or presumption of regularity to the findings of the Commission"). In the case of deputy sheriffs, whose rights are governed by section 341A.12, such legislative direction compelling a trial de novo is conspicuously absent.

Nor does a reading of the plain language of section 341A.12 support the commission's contention that a judicial review standard akin to that applied under Iowa Code section 17A.19(8) is in order. Such a review, of course, would have enabled the court to "reverse, modify, or grant any other appropriate relief," had the court found Hawkinson's substantial rights prejudiced by legal error, or the commission's conclusions unsupported by substantial evidence or clearly unreasonable, arbitrary, or capricious. *See Mercy Health Center v. State Health Facilities Council,* 360 N.W. 2d 808, 811–12 (Iowa 1985); *McClure v. Iowa Real Estate Comm'n,* 356 N.W.2d 594, 596–97 (Iowa App.1984); Iowa Code § 17A.19(8). Again, the absence of such guidelines in section 341A.12, combined with the fact that the commission is *not* a state agency bound by chapter 17A, militates against rigidly applying that review process by analogy.

Instead of rewriting the statute to conform to other appellate schemes with which we are more familiar, we think it wise to confine ourselves to the directives of *this*

statute. By its terms, appeal under section 341A.12 contemplates two things: (1) a "summary" proceeding and (2) a determination that is confined to whether the commission's decision was made "in good faith" and "for cause."

In common parlance, a proceeding that is summary is one "done without delay or formality." *Webster's Ninth New Collegiate Dictionary* 1181 (1986). Likewise, when used in connection with a legal proceeding, the term means one that is "short, concise, and immediate." *Black's Law Dictionary* 1287 (5th ed. 1979). In the context of the statute before us, we think the term calls for appellate review of the record made before the lower tribunal, not a trial de novo. The district court erred in ruling to the contrary.

Proceeding to the second requirement of section 341A.12, we see that the statute calls upon the trial court to measure the commission's action by a standard of good faith prompted solely by "cause." As noted by the trial court, "good faith" means simply "honesty of intention." *Black's Law Dictionary* 623 (5th ed. 1979). "Just cause" has been generally defined by this court to comprehend a focus on the ability and fitness of an employee to discharge the duties of his or her position, bearing in mind the legislative purpose to protect the public against incompetence and maintain high standards of performance. *See Briggs v. Board of Directors of the Hinton Community School Dist.*, 282 N.W.2d 740, 742–43 (Iowa 1979).

Notably absent from the language used in section 341A.12 is any suggestion that the court may substitute its judgment for that of the commission, or equitably modify the sanction imposed. To the contrary, the clear implication is that the commission's decision must be upheld if based on cause and reached in good faith. Thus we hold that actions commenced under section 341A.12 are to be reviewed at law, not de novo. In determining whether the commission's action comports with the statute's standard of good faith and cause, the substantial evidence test will apply. *See Briggs*, 282 N.W.2d at 743 (evidence is sub-

stantial if a reasonable mind would accept it as adequate to reach a conclusion).

■ III. Substantial evidence in the record made before the commission supports its finding of just cause for Hawkinson's termination as a deputy sheriff. Hawkinson does not dispute the reasonableness of a residency requirement which assures that deputies will be available for immediate call in the event of an emergency. He was well aware that the policy applied to him and was a condition of his employment, yet he chose to ignore or defy the rule. His action furnished cause for dismissal under Iowa Code section 341A.11(1) (deputy may be removed for dereliction of duty) and (7) (deputy may be removed for failure to follow reasonable regulations prescribed by sheriff which show deputy unfit for employment).

Because Hawkinson's record was otherwise satisfactory but for his failure to report for work on September 8, the district court, in essence, gave him a second chance to abide by the residency requirement. As we have previously stated, however, section 341A.12 does not vest the court with discretion to fashion such an alternative remedy. So long as the record supports—as it does here—a decision by the commission reached in good faith and with just cause, the district court was bound to defer to it. Accordingly, we reverse the judgment of the district court and remand for entry of judgment in conformity with the findings of the commission.

REVERSED AND REMANDED.