CITY OF CLINTON, Iowa, Appellee,

v.

Dale LOEFFELHOLZ, Appellant,

and

The Civil Service Commission for the City of Clinton, Respondent.

No. 88-1074.

Supreme Court of Iowa.

Nov. 22, 1989.

 

Kermit L. Dunahoo of Dunahoo Law Firm, Des Moines, for appellant.

Thomas D. Hobart of Meardon, Sueppel, Downer & Hayes, Iowa City, for appellee.

Considered by SCHULTZ, P.J., and CARTER, LAVORATO, SNELL, and ANDREASEN, JJ.

SNELL, Justice.

On November 1, 1987, the city of Clinton police chief presented Officer Dale Loeffelholz with notice of the termination of his employment. At that time, Loeffelholz had been employed by the city as a patrol officer for approximately eight and one-half years. During that time, he had received eleven letters of commendation, and the record reflects that his fellow officers respected his professional skills and abilities. During the two-year period prior to the police chief's decision to terminate, however, Loeffelholz was involved in a series of incidents which present a substantially different picture of his professional conduct.

The final episode, which culminated in the termination notice, involved an incident in which Loeffelholz accompanied three minor girls on a drinking outing. Following the incident, the police chief conducted an investigation and consulted with his staff. Based upon this incident and previous disciplinary actions, the chief made the decision to terminate Loeffelholz's employment. Loeffelholz appealed to the city civil service commission pursuant to Iowa Code section 400.20 (1987). After hearing, the civil service commission reinstated Loeffelholz, imposing a forty-five day suspension followed by a probationary period in lieu of termination.

The city of Clinton appealed the decision of its civil service commission to the district court, seeking a reinstatement of the police chief's termination decision. After a de novo hearing on the merits, at which time testimony and exhibits were introduced by the parties, the trial court rendered a decision terminating Loeffelholz's employment.

Loeffelholz has appealed this decision on several grounds, attacking both the wisdom of the decision and the constitutionality of the statute, Iowa Code section 400.-27, under ·which it was rendered. Specifically, Loeffelholz contends that section 400.27 violates the principle of separation of powers as provided by both the United States and Iowa Constitutions, that he was denied equal protection under the fourteenth amendment because he was treated differently than state employees facing discipline under Iowa Code chapter 17A, and that his rights to due process were violated. Before addressing these issues, however, we determine whether the constitutional issues were timely raised, or waived by Loeffelholz's failure to include them in the responsive pleadings before the district court.

■ I. As the city points out, Loeffelholz did not raise the issue of constitutional validity of section 400.27 in his answer to the city's petition. Nor did Loeffelholz amend his original answer. An issue should not normally be considered on appeal in a civil proceeding unless fairly raised by the pleadings. *Buda v. Fulton,* 261 Iowa 981, 157 N.W.2d 336, 341 (1968). Our court has also held that an affirmative defense must be pleaded. *Foods, Inc. v. Leffler,* 240 N.W.2d 914, 920 (Iowa 1967); *see* Iowa R.Civ.P. 72, 101, 102, & 104. An affirmative defense is "one resting on facts not necessary to support plaintiffs' case." *Id.* citing *Baker v. Beal,* 225 N.W.2d 106, 114 (Iowa 1975); *Henschel v. Hawkeye-Security Ins. Co.,* 178 N.W.2d 409, 420 (Iowa 1970). It is apparent that Loeffelholz's constitutional challenges to the statute allowing the district court to conduct a de novo hearing rest on facts not necessary to support the city's case. A strict interpretation of our rules of pleading would therefore require that we find that Loeffelholz waived these issues.

Loeffelholz did, however, raise some of the constitutional issues which form the grounds for his appeal in his opening statement before the court. The record shows that the parties were given an opportunity to brief the separation of powers and due process issues prior to ruling by the court, and that there was no prejudice to any party because of Loeffelholz's failure to plead these constitutional defenses in his answer. In fact, Loeffelholz did brief the separation of powers issue for the trial court and the city of Clinton did not object. In short, until the time of appeal, the parties and the trial court apparently operated under the assumption that the separation of powers and due process claims had been properly pled. Where the parties to an action proceed without objections to try an issue not raised in the pleadings it is generally deemed to have been properly raised and is included in the case. *Buda,* 157 N.W.2d at 341. We therefore conclude that the constitutional issues Loeffelholz raised at trial are properly before this court. The record does not indicate, however, that the equal protection issue was raised at trial. Nor was it briefed for the trial court, which accordingly did not rule upon the issue. We must thus conclude that the issue was waived. *Id.*

■ II. Loeffelholz's first contention is that Iowa Code section 400.27 impermissibly delegates executive and legislative authority to the district courts in violation of the principle of separation of powers found in both the United States and Iowa Constitutions. At the outset, we note that the division of powers among the branches of a state government does not present a constitutional issue under the federal constitution. *Highland Farms Dairy, Inc. v. Agnew,* 300 U.S. 608, 612, 57 S.Ct. 549, 551, 81 L.Ed. 835, 840 (1937), *Lombardi v. Tauro,* 470 F.2d 798, 801 (1st Cir.1972), *Gamel v. Veterans Memorial Auditorium Comm'n,* 272 N.W.2d 472, 474–75 (Iowa 1978). The focus of this particular issue must therefore be limited to Article III of the Constitution of the State of Iowa. Article III states:

> The powers of the government of Iowa shall be divided into three separate departments—the legislative, the executive, and the judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall

exercise any function appertaining to either of the others....

The crux of Loeffelholz's argument is that the function performed by the civil service commission in reviewing and amending the chief's decision to terminate his employment was an executive decision related to employment. He reasons that Iowa Code section 400.27 impermissibly allows the district court to perform an executive function by prescribing de novo review of civil service termination decisions.

■ The contention confuses the role and function of the civil service commission in reviewing the termination decisions of municipal department heads. Our case law holds that an agency may not exercise a purely judicial function. *City of Cedar Falls v. Flett*, 330 N.W.2d 251, 254 (Iowa 1983). The legislature may, however, grant quasi-judicial authority to an agency, provided that such authority is derived from basic legislative or executive powers. *Cedar Rapids Human Rights Comm'n v. Cedar Rapids Community School Dist.*, 222 N.W.2d 391, 391 (Iowa 1974). The function of the civil service commission in reviewing Loeffelholz's termination was a means to review, in a quasi-judicial capacity, an executive decision made by the police chief.

It does not follow, however, that any weight must be accorded the decision or factual findings made by the commission. Since the commission's authority is specifically conferred by the legislature, and is not inherent, it follows that the legislature may limit that authority. *See Iowa Dep't of Social Servs. v. Blair*, 294 N.W.2d 567, 568–90 (Iowa 1980); *Patch v. Civil Serv. Comm'n of City of Des Moines*, 295 N.W.2d 460, 463 (Iowa 1980). It has done so by providing that the commission's decisions in employment matters are not binding upon the parties, and by prescribing a means by which they may go to court to challenge an adverse ruling.

The district court's function in conducting a de novo hearing on the merits of the case is quintessentially judicial. It involves fact finding and the determination of the rights of specific parties and focuses upon a specific event, Loeffelholz's termination.

■ III. It is difficult for this court to determine the basis of the due process issue. Loeffelholz has done little more than allege a violation of the right to due process, both before the trial court and in his brief to this court. He did not brief the issue for the trial court, nor did that court rule on the issue. Loeffelholz nevertheless urges that it is unjust that the standard of review invoked by the employment termination of a municipal employee differs from that applied to appeal from an agency's decision to terminate employment of a state employee pursuant to Iowa Code chapter 17A (1987). That chapter requires that an appellate court reviewing the fact findings of an administrative agency applies a different standard that gives deference to agency findings and bases its decision on the record made before the agency. Iowa Code § 17A.19(8) (1987).

An indispensable element of any due process claim, however, is a constitutional or statutory entitlement. *See Perry v. Sindermann*, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570, 578–79 (1972); *Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705–06, 33 L.Ed.2d 548, 556–57 (1972). Although he does not directly say so, Loeffelholz apparently bases his due process claim on a notion that he has a property interest in his continued employment by the city of Clinton. He does not claim a liberty interest. Nor does he claim violation of a fundamental right. *See Perry v. Sindermann*, 408 U.S. 593, 596–98, 92 S.Ct. 2694, 2697–98, 33 L.Ed 2d 570, 576–78. We must conclude, therefore, that Loeffelholz's claim addresses only the procedural aspects of the due process issue. Property interests are not defined by the constitution, but are created and defined by independent sources. *Roth*, 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561. Our court has held that a municipal police officer does not have an entitlement to that employment under state law. *Sieg v. Civil Serv. Comm'n of West Des Moines*, 342 N.W.2d 824, 829 (Iowa 1983), citing *Klein v. Civil Serv. Comm'n of Ce-*

*dar Rapids,* 260 Iowa 1147, 1156, 152 N.W.2d 195, 200 (1967). Nor does the record reveal any contractual provisions or other understandings that would give rise to such a right. Loeffelholz's claim is therefore unreviewable. *See Myers v. United States Parole Comm'n,* 813 F.2d 957, 960 (9th Cir.1987).

■ IV. We now turn to Loeffelholz's claim that the trial court erred by imposing termination, rather than the less severe punishment prescribed by the civil service commission. Our review is de novo, although we must accord weight to the findings of the trial court. *Seig,* 342 N.W.2d at 827. *Millsap v. Cedar Rapids Civil Serv. Comm'n,* 249 N.W.2d 679, 683 (Iowa 1977).

Loeffelholz was first employed by the city of Clinton in May of 1979, and during the course of the next six years apparently established an exemplary record as a law enforcement officer. In March of 1986, however, he was suspended for one day based upon a second speeding offense while off duty. Less than one year later, he was again suspended for one day as the result of an incident involving a juvenile bicyclist. The circumstances of that incident are instructive with regard to the trial court's finding that the officer manifested extremely poor judgment.

On the night of January 31, 1987, Loeffelholz stopped a sixteen-year-old bicyclist who was riding without required lights. The young man was belligerent, and officer Loeffelholz responded in kind, telling him to "Get your ass off that bike." When he learned the name of the young man, Loeffelholz delivered an insult concerning the young man's brother, who was handicapped. The boy became agitated and attempted to flee on his bicycle. Officer Loeffelholz pursued the boy in his squad car, on one occasion driving on the sidewalk. Eventually Officer Loeffelholz jumped from his squad car, and then tackled the young man from his bike. The incident suggests a volatile personality combined with a serious inability to exercise good judgment and personal restraint required by a police officer in the performance of his or her duty.

The episode that finally triggered Loeffelholz's termination of employment by the police chief involved his accompaniment of three minor females on a drinking outing. He met the young women in the parking lot of the Clinton Law Enforcement Center after his shift ended at 11:00 p.m. The meeting was prearranged, and Loeffelholz, by his own admission, knew at least one of the young women was underage. Following their meeting, the quartet went to a party in a private residence, where all consumed beer. Later, Loeffelholz accompanied the young women to a local bar, where he paid the cover charges. Again, all four consumed beer.

Loeffelholz defends his conduct by stating that the state's liquor laws had recently changed, and he was uncertain as to whether or not the young women had been "grandfathered in." Such confusion, however, is neither a defense nor a mitigating circumstance. As a law enforcement officer accorded the public trust, it was incumbent upon Loeffelholz to attempt to ascertain whether his drinking companions were in fact of legal age, rather than assuming that they were. The simple failure to do so is in itself an indication of poor judgment.

We agree with the trial court. Over the course of two years, Officer Loeffelholz repeatedly exhibited behavior that indicated a lack of sound judgment. His actions were detrimental to preserving public trust and confidence in the Clinton Police Department. The trial court's conclusion that Officer Loeffelholz's actions constituted misconduct detrimental to the public service was correct. Accordingly, we affirm its decision to terminate his employment.

AFFIRMED.