**Robert M. KINGSLEY, Appellant,**

v.

**WOODBURY COUNTY CIVIL SERVICE COMMISSION, Appellee.**

No. 89–973.

Supreme Court of Iowa.

July 18, 1990.

MacDonald Smith of Smith & Smith, Sioux City, for appellant.

Brigit M. Barnes, Asst. Co. Atty., for appellee.

Considered by LARSON, P.J., and CARTER, LAVORATO, NEUMAN, and ANDREASEN, JJ.

NEUMAN, Justice.

This is an appeal by a former deputy sheriff who was discharged from his employment due to a back injury that rendered him physically unfit for the position he held. The sole issue on appeal is whether Iowa Code chapter 341A (pertaining to civil service for deputy county sheriffs) imposes a duty upon a sheriff to accommodate, rather than discharge, a deputy who is disabled. Finding no such duty imposed by law, the district court upheld the discharge. We affirm.

The facts are largely undisputed. Robert Kingsley was employed as a deputy sheriff for Woodbury County from September 1974 to January 1987. He performed a variety of duties for the department includ-

ing jailer, process server, investigator, public liaison officer, and patrolman.

In November 1985, while Kingsley was assigned to patrol duties, he began to experience severe lower back discomfort and shooting pains across his buttocks and down his legs. He sought chiropractic care to relieve his pain but continued to work as usual, driving approximately 200 miles per day on patrol.

Finally, in January 1987, Kingsley notified his supervisor that the stiffness in his back was making it increasingly difficult for him to get out of his patrol vehicle. At the sheriff's direction, Kingsley was examined by the department physician, Dr. Guy Posey. Dr. Posey's physical examination revealed marked pain and decreased range of motion, diminished muscle strength in the right quadriceps and evidence of a herniated disc.

Dr. Posey advised the sheriff that Kingsley was permanently disabled and therefore unable to perform the functions of a law enforcement officer. Based on this report, Kingsley was discharged on January 30, 1987. Kingsley appealed his discharge to the Woodbury County Civil Service Commission which found substantial evidence to justify Kingsley's removal due to "physical unfitness for the position held." *See* Iowa Code § 341A.11 (1989) (authorizing grounds for removal, suspension, and discharge).

By statute, an appeal to the district court from the commission's findings is "confined to the determination of whether the order of removal ... was made in good faith and for cause." Iowa Code § 341A.12; *see also Hawkinson v. Civil Serv. Comm'n*, 431 N.W.2d 350, 353 (Iowa 1988). Kingsley challenged the commission's finding of just cause for termination on the premise that the sheriff was required, as a matter of law, to accommodate his disability in accordance with the antidiscrimination policy expressed in section 601A.6 of the Iowa Civil Rights Act.

■ The district court rejected Kingsley's demand for accommodation, noting that Kingsley's appeal was brought pursuant to chapter 341A, not chapter 601A, and that section 341A.18 specifically protects deputies from employment discrimination on the basis of political or religious affiliation, race, national origin, sex, and age but *not* on the basis of disability. It is from this ruling that Kingsley has appealed. Our review is for the correction of errors at law. *Hawkinson*, 431 N.W.2d at 353.

Kingsley's argument for reversal rests on his assertion that the trial court erred by not harmonizing Iowa Code sections 341A.11, 341A.18, and 601A.6. Had the court done so, Kingsley argues, it logically would have read into section 341A.18 a reference to disability (and, hence, duty to accommodate) about which the statute is silent. For a number of reasons, we think the trial court correctly rejected Kingsley's statutory analysis.

■ First, Kingsley is correct when he asserts that for purposes of chapter 601A, the Woodbury County Sheriff's Department is a "person" to whom the Civil Rights Act applies. *See* Iowa Code § 601A.2(2) (defining "person" to include all political subdivisions of state). The concept of accommodation "inheres in the legislative proscription" barring employment discrimination. *Cerro Gordo County Care Facility v. Iowa Civil Rights Comm'n*, 401 N.W.2d 192, 196 (Iowa 1987). We have held, however, that the exclusive remedy for complainants asserting a discriminatory act lies with the procedure provided in chapter 601A. *Northrup v. Farmland Indus., Inc.*, 372 N.W.2d 193, 197 (Iowa 1985). As correctly noted by the trial court, the present action is brought under the civil service appeal procedure of chapter 341A. Kingsley's right to pursue remedies for civil rights violations, if any, would "lie solely under chapter 601A." *Northrup*, 372 N.W.2d at 197.

Second, we do not perceive the ambiguity in section 341A.11 that Kingsley suggests. The statute authorizes discharge for "physical unfitness for the position held." Iowa Code § 341A.11. Although the statute does not elaborate on the meaning of "unfitness" or "position held," these are commonly understood terms that are best mea-

sured by evidence of specific job performance. To expand their meaning—as Kingsley suggests—to embrace concepts of disability and accommodation would do violence to the rule that we adhere to what the legislature has said, rather than what it might or could have said. *State v. Peterson*, 347 N.W.2d 398, 402 (Iowa 1984).

Finally, reason dictates that the legislature's reference to physical fitness in section 341A.11, and its omission of job protection for disability in section 341A.18, were deliberate rather than inadvertent acts. By its very nature, law enforcement duty requires the employment of persons who are physically fit as well as mentally alert. The public depends on the ability of deputies to respond swiftly in an emergency, for their own safety and for the safety of others. The evidence in this record reveals that although some positions within the sheriff's department require less time in a patrol car and less potential for physical altercation with members of the public, every uniformed officer must be prepared to respond to the call of any enforcement duty required by command. Given these commonly understood performance requirements, it was not unreasonable for the legislature to omit physical disability from the civil rights protection afforded deputies. Contrary to Kingsley's assertion, we think this legislative scheme conforms to, rather than conflicts with, the Civil Rights Act "nature of the occupation" exception. *See* Iowa Code § 601A.6.

In summary, Iowa Code section 341A.11 provides for discharge from employment when a deputy sheriff is physically unfit for the position held. Substantial evidence before the commission supported its decision concerning Kingsley's lack of fitness. The district court correctly ruled that nothing in chapter 341A evidences a legislative intent to require the sheriff to accommodate a deputy's disability prior to discharge. The decision of the district court must be affirmed.

AFFIRMED.