**Craig BURMEISTER, Appellee,**

v.

**MUSCATINE COUNTY CIVIL SERVICE COMMISSION, Appellant.**

No. 94–836.

Court of Appeals of Iowa.

Aug. 17, 1995.

Dana E. Christiansen, Assistant County Attorney, for appellant.

Jay H. Honohan of Honohan, Epley, Braddock & Brenneman, Iowa City, for appellee.

Considered by SACKETT, P.J., HUITINK, J., and McCARTNEY, Senior Judge.*

McCARTNEY, Senior Judge.

Craig Burmeister was a non-probationary deputy sheriff in the Muscatine County Sheriff's Department when he was notified in writing by the sheriff that his employment was terminated. Burmeister appealed to the Muscatine County Civil Service Commission (the Commission). The Commission entered an order, following a hearing, modifying the termination to a suspension of thirty days.

Burmeister then appealed to the district court from the termination and suspension. He argued he has a constitutionally protected property interest in his employment and should have been given a pretermination hearing in compliance with due process provisions. The Commission responded that Burmeister does not have a property interest in his employment and that even if he does the sheriff's removal order was merely a recommendation to the Commission and he was afforded due process at the Commission hearing.

The district court found Burmeister had a property interest in future employment and should have been afforded a pretermination

* Senior Judge from the 2nd Judicial District serving on this court by order of the Iowa Supreme Court.

hearing. The court reversed the Commission and fully and completely reinstated Burmeister.

The Commission appeals.

If Burmeister (appellee) had a constitutionally-protected property interest in his employment, he would be entitled to a pretermination hearing which would afford him the necessary due process. If he did not have such an interest he would not be entitled to a pretermination hearing. *Cleveland Bd. of Education v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503–504 (1985); *Bennett v. City of Redfield*, 446 N.W.2d 467, 472 (Iowa 1989).

However, a property interest is created from State law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548, 561 (1972).

Our review is at law, and if a question arises as to whether the Commission's decision was taken in good faith and for cause, we use the substantial evidence test. *Hawkinson v. Louisa County Civ. Svc. Comm'n*, 431 N.W.2d 350, 353 (Iowa 1988); *see also* Iowa Code section 341A.12.

With the foregoing precepts in mind, we turn to the issue raised by the appellant on appeal which is whether or not the appellee was entitled to a pretermination hearing by the sheriff.

These procedures are governed by the provisions of Iowa Code section 341A.12. These provide, in part, that disciplinary proceedings, i.e. removal, suspension, or demotion, shall be for cause and only upon a written accusation of the sheriff, who must serve the accusation upon appellee with a duplicate filed with the appellant. I.C. § 341A.12. The Commission then conducts its hearing and enters such order as it deems appropriate, either affirming, modifying, or revoking that order of the sheriff. *Id.* The code section further provides that no employee who has made such an appeal shall be "permanently removed, suspended or reduced in rank" until the Commission has so adjudicated the matter and certified its results to the sheriff. *Id.*

Chapter 400 of the Iowa Code, particularly section 400.19, provides civil service protection for other employees of municipalities. Although the two chapters are different in a number of respects, the underlying philosophy of both is the same—an employee permanently employed under civil service cannot be removed, transferred, or demoted from the position the person fills except for good cause. Good cause is defined .with some specificity in section 400.18, whereas section 341A.12 simply states that no deputy sheriff may be discharged except for "cause." That section further states that a review by the district court upon appeal from the Commission shall be limited to a determination of good faith on the part of the Commission and that it had cause to take the action that it did. I.C. § 341A.12.

The two sections follow the same substantial track in dealing with appeals. Appeals within specified periods of time after the complained-of action was taken, may be made to the Civil Service Commission. Appeals are heard under both sections, and the hearings are conducted in accordance with due process and in similar fashions.

We are not directed to any authority touching upon the pretermination hearing requirements, for a deputy sheriff if any, under chapter 341A.

However, the property interest of a police officer under chapter 400 was considered in *Sieg v. Civ. Svc. Comm'n of West Des Moines*, 342 N.W.2d 824 (Iowa 1983). The supreme court held that a "police officer does not have a constitutional right to his employment. . . ." *Id.* at 829, *citing Klein v. Civ. Svc. Comm'n*, 260 Iowa 1147, 1156, 152 N.W.2d 195, 200 (Iowa 1967). The court found in *Sieg* that there is no constitutional right to employment by a police officer because the officer is subject to "reasonable supervision and restriction by his superiors so proper discipline may be maintained and the activities of officers do not disrupt or impair their public duties." *Id.* The court held that such regulations and rules are necessary to maintain order and discipline and to insure improved public service. *Id.* The rules are not merely punitive but are merely to protect the public, since officers are charged with a public trust. *Id.* The public

has a right to expect officers to conduct themselves with judgment and discretion. *Id.* Police departments are akin to paramilitary organizations, and discipline must be strictly enforced. *Id.*

The concept that a police officer does not have an entitlement to employment under state law and therefore not a property interest is followed in *City of Clinton v. Loeffelholz,* 448 N.W.2d 308, 311 (Iowa 1989), which opinion cites both *Sieg* and *Klein.*

Given the similar natures, functions, goals, and purposes of sheriff's offices and municipal police departments, we find these cases persuasive that the appellee did not have a property interest in his employment entitling him to a pretermination hearing. The public has as much right to expect sheriff's officers to conduct themselves with good character, sobriety, judgment, and discretion in the words of *Sieg,* 342 N.W.2d at 829. Activities of deputy sheriffs should be subject to proper discipline so that their activities are not disrupted or impaired in the performance of their duties. In like fashion, sheriff's offices are "akin to paramilitary organizations and discipline must be strictly enforced." *Id.* Citizens and residents of a county are entitled to the same quality of service and expectations as are citizens and residents of municipalities. The standards which involve discipline, training, and appropriate supervision are or should. be the same.

In this connection, it should be noted that section 400.19 allows a superior to "peremptorily" discharge or suspend an employee, language not found in chapter 341A. There the sheriff merely makes an accusation. Thus authority given the superior officer in chapter 400 in handling discharges is substantially greater than that granted the sheriff under chapter 341A. The supreme court has held that there was no property right in police officers in their employment. *Sieg,* 342 N.W.2d at 829. Even under the greater authority granted municipal police superiors in discharging their employees, the supreme court has found no constitutional employment interest. *Id.*

The sole issue presented to us for determination is whether or not the appellee was entitled to a pretermination hearing before the sheriff. Although he speaks to other issues in his brief, since he prevailed in the district court, he did not see fit to cross-appeal, and we are therefore not obliged to consider such issue. Our inquiry is limited to the issue of whether or not appellee was entitled to a pretermination hearing.

By reason of the foregoing, we therefore reverse the decision of the district court.

**REVERSED.**

HUITINK, J., concurs.

SACKETT, P.J., specially concurs without opinion.