Carol CURRANS, Appellee,

v.

**LINN COUNTY CIVIL SERVICE COMMISSION, Appellant.**

No. 94–2085.

Court of Appeals of Iowa.

Sept. 22, 1995.

Susan Flaherty, Assistant Attorney General, for appellant.

William H. Roemerman of Crawford, Sullivan, Read, Roemerman & Brady, P.C., Cedar Rapids, for appellee.

Considered by DONIELSON, C.J., and CADY and HUITINK, JJ.

HUITINK, Judge.

The Linn County Civil Service Commission appeals the district court ruling reversing its decision affirming the Linn County Sheriff's decision to suspend Carol Currans for unsatisfactory performance as a jail shift supervisor. We reverse the district court and affirm the Civil Service Commission.

Carol Currans is a sergeant in the Linn County Sheriff's Department. In September of 1993 Currans was disciplined by the sheriff for failing to satisfactorily perform her duties as a jail shift supervisor. The events resulting in this disciplinary action are as follows.

On September 9, 1993, Sgt. Carol Currans was working as a shift supervisor at the Linn County Correctional Facility. That evening, Cedar Rapids police officers brought in an individual who had resisted arrest, was in a physical altercation with the police, and was loud and belligerent while in custody. The inmate eventually used his toilet to flood his cell, after which a sheriff's deputy physically assaulted him, throwing him on the cell floor and placing his head in the toilet. This assault took place out of Currans' presence, and she claims she did not discover it until the next day. The inmate was later moved to a padded cell. Because department policy requires periodic checks of the cell, a "blue sheet" recording the checks is ordinarily kept for documentation. No "blue sheet" was kept on the inmate until the very end of Currans' shift. Early in the next shift a deputy noticed the inmate calling for help at which time the inmate was discovered to require hospitalization and treatment for a chipped hip bone. The incident was later reported to the sheriff, resulting in the discipline that is the subject of this appeal.

Currans appealed the sheriff's disciplinary decision to the Linn County Civil Service Commission. On January 5, 1994, the Commission determined Currans had failed to satisfactorily perform her job as a jail shift supervisor and affirmed her suspension without pay.

Currans appealed to the district court pursuant to Iowa Code section 341A.12. She claimed her suspension was not made in good faith and for cause as required by statute. She also asserted that chapter 341A violates the equal protection clauses of the Iowa and United States Constitutions because it provides different disciplinary review procedures for county law enforcement officials than Iowa Code section 400.27 provides for city police officers.

On November 21, 1994, the district court, after a hearing, reversed the Civil Service Commission. The court determined that although the record was adequate to show good faith regarding the disciplinary deci-

sion, the sheriff's decision to suspend was not for just cause. The Commission appeals.

This is an appeal pursuant to Iowa Code section 341A.12. In reviewing the decision of the Civil Service Commission, the district court's determination is limited to whether the Commission's decision was made in good faith and for just cause. *Hawkinson v. Civil Serv. Comm'n*, 431 N.W.2d 350, 353 (Iowa 1988). The district court is to employ the "substantial evidence" rule and reverse the Commission's decision only if reasonable minds could not accept the evidence as adequate to reach the Commission's conclusion. *Id.* On appeal, our review is for errors at law. Iowa R.App.P. (4). We look to the district court's decision to determine if the *Hawkinson* standard was correctly applied. Like the district court, we employ the "substantial evidence" test. Evidence is substantial or sufficient when a reasonable mind could accept it as adequate to reach the same findings. *Waukon Auto Supply v. Farmers & Merchants Sav. Bank*, 440 N.W.2d 844, 846 (Iowa 1989) (citation omitted).

"Just cause" requires a focus on the ability and fitness of an employee to discharge the duties of his or her position, bearing in mind the legislative purpose to protect the public against incompetence and maintain high standards of performance. *Hawkinson*, 431 N.W.2d at 352. The events of September 9, 1993, provide sufficient evidentiary support for the Commission's finding that Currans' supervisory efforts were not consistent with the reasonable requirements of her job. Not only did she fail to respond appropriately to a dangerous situation involving an inmate, she also failed to abide by jail policy in not properly keeping a "blue sheet" to document checks on that inmate. These events support the Commission's "just cause" determination.

Currans' equal protection challenge is based on the different standard of judicial review provided by Iowa Code section 341A.12 (setting forth disciplinary procedures for sheriffs' deputies) and Iowa Code section 400.27 (setting forth the disciplinary procedures for police officers employed by cities over 8000). Judicial review under 341A.12 is limited to errors at law while section 400.27 provides for a de novo review. Although this issue was not decided by the district court, our earlier determination requires its resolution on appeal. *See McMahon v. Iowa Dep't of Transp.*, 522 N.W.2d 51, 56 (Iowa 1994); *Barnes v. Iowa Dep't of Transp.*, 385 N.W.2d 260, 263 (Iowa 1986).

The burden upon one attacking a statute on equal protection grounds depends upon whether the classification is one subject to close judicial scrutiny or traditional equal protection standard. *See Frontiero v. Richardson*, 411 U.S. 677, 681, 93 S.Ct. 1764, 1768, 36 L.Ed.2d 583, 589 (1973). This case does not involve a suspect classification such as race, sex, or national origin. The right to public employment is not a fundamental right. *Bennett v. City of Redfield*, 446 N.W.2d 467, 473 (Iowa 1993). We accordingly apply a rational basis test in our evaluation of Currans' challenge to the statute. Under this test, the challenged classification must be sustained unless the challenging party can demonstrate that it is patently arbitrary and bears no rational relationship to a legitimate governmental interest. The differing classification does not deny equal protection simply because in practice it results in some inequity and the classification will be upheld if any state of facts reasonably can be conceived to justify it. *Kent v. Polk County Bd. of Supervisors*, 391 N.W.2d 220, 224-25 (Iowa 1986).

We, based on our application of this test find Currans has failed to show that there is no reasonable basis for the differing standards of review provided in the respective statutes. Although both sheriff's deputies and police officers are defined as "peace officers," their employment circumstances vary. A sheriff's deputy is appointed by an elected sheriff who is subject to electoral accountability. The counties employing deputy sheriffs also vary in size and resources. The legislature could reasonably conclude practical implications of adopting a civil service system at the county level necessitated the summary nature of judicial review afforded sheriff's deputies.

In summary, we find substantial evidence supports the Commission's just cause determination. We further find that Iowa Code chapter 341A does not violate Currans' equal protection rights. Accordingly, we reverse the judgment of the district court and remand for entry of judgment in conformity with the findings of the Commission.

**REVERSED AND REMANDED.**